IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

OCT 20 2009

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

GARY LEE WADDEL, )
　　　　　　　　　　　　　　　　)
　　　　　　Petitioner, 　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　　No. CIV-08-873-W
　　　　　　　　　　　　　　　　)
JUSTIN JONES,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　)

## ORDER

On October 23, 2008, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter, and he not only recommended that the Motion to Dismiss Petition filed by respondent Justin Jones be denied, but also made various recommendations regarding the "mixed" Petition for Writ of Habeas Corpus ("Petition")[1] filed by petitioner Gary Lee Waddel.

Waddel was advised of his right to object to the Report and Recommendation as well as granted the opportunity to inform the Court whether he wished to delete the unexhausted claims in his Petition or return to state court to exhaust those claims. The Court received no response from Waddel.

After reviewing the record, the Court concurred with Magistrate Judge Purcell's suggested disposition of the matter, and accordingly, on November 17, 2008, it adopted the Report and Recommendation and denied Jones' Motion to Dismiss Petition. The Court

---

[1] "Mixed" habeas petitions contain both exhausted and unexhausted claims. Pursuant to title 28, section 2254(b) of the United States Code, such petitions should generally be dismissed "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending [and] . . . resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982).

stayed the lawsuit and ordered that it be administratively closed until Waddel had exhausted his state court remedies by pursuing post-conviction relief as to his unexhausted claims in the District Court for Comanche County, Oklahoma, and if necessary, in the Oklahoma Court of Criminal Appeals ("OCCA").

The matter then came before the Court on Waddel's Motion to Resume Jurisdiction, wherein he contended that he had pursued his remedies in state court and that all state court proceedings had been concluded. Upon review of Waddel's submissions, the Court on February 25, 2009, vacated the stay and the administrative closure and re-referred the case to Magistrate Judge Purcell for further proceedings.

On July 29, 2009, Magistrate Judge Purcell issued a Supplemental Report and Recommendation and recommended that Waddel's Petition be denied. Waddel was again advised of his right to object, and the matter now comes before the Court on Waddel's Response to Supplemental Report and Recommendation.

Waddel was charged in three separate cases in the District Court for Comanche County, Oklahoma. The cases were consolidated, and at trial, a jury convicted Waddell of one count of possession of a controlled dangerous substance, State v. Waddel, No. CF-2005-318, one count of kidnapping and one count of rape in the first degree, State v. Waddel, No. CF-2005-327, and one count of kidnapping and one count of unauthorized use of a motor vehicle, State v. Waddel, No. CF-2005-333. Consistent with the jury's recommendations, Waddel was sentenced to serve consecutive terms of imprisonment of four (4) years and three (3) months, ten (10) years, life, ten (10) years and four (4) years and ten (10) months, respectively.

Waddel appealed, and in a summary opinion, the OCCA affirmed. Waddel v. State, No. F-2006-1061 (Okla. Crim. August 20, 2007). As indicated, Waddel eventually sought and was denied post-conviction relief as to all issues now raised. State v. Waddell, Nos. CF-2005-318, CF-2005-327, CF-2005-333 (May 28, 2008); Waddel v. State, Nos. CF-2005-318, CF-2005-327, CF-2005-333 (November 25, 2008); Waddel v. State, No. PC-2008-1139 (Okla. Crim. February 3, 2009).

In the instant Petition, Waddell has challenged his convictions and has asserted that insufficient evidence was presented to support his convictions for rape and kidnapping, that the trial judge erred by allowing into evidence in-court identifications of Waddel, that the trial judge erred by failing to suppress certain statements he made to law enforcement officers after he was stopped and detained and that the trial judge erred by admitting into evidence photocopies of the police reports.

Because, as stated, these same claims were presented to, and denied by, the OCCA, this Court may only grant habeas relief if the OCCA's adjudication of these grounds "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2). Thus, Waddel is only entitled to federal habeas relief if he has demonstrated that the OCCA's adjudication of his claims "was 'legally or factually unreasonable.'" Gipson v. Jordan, 376 F.3d 1193, 1197-98 (10th Cir. 2004)(quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

Upon de novo review of the record and after applying the foregoing standards, the Court concurs with Magistrate Judge Purcell's findings and recommendations. The OCCA's rejection of Waddel's claims regarding the sufficiency of the evidence in connection with his convictions of rape and kidnapping, the in-court identifications by the victims, the admission of his statements after he was arrested and the admission of copies of the police reports was not contrary to, and did not involve an unreasonable application of, clearly-established Supreme Court precedent.

The Court has also carefully considered Waddel's claim raised in his brief [Doc. 21] filed in support of his Petition that he was denied effective trial and appellate counsel in violation of Strickland v. Washington, 466 U.S. 668 (1984). Waddel was represented at trial and on direct appeal by the same attorney, and the Court first finds that Waddel has failed to "show that counsel's performance [at trial] was [so] deficient," id. at 687, "that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment [to the United States Constitution]," id., or that counsel's "deficient performance prejudiced [his] defense . . . as to deprive [him] . . . of a fair trial." Id.

The Court likewise finds under Strickland that Waddel's claim that he was deprived of effective appellate assistance does not justify federal habeas relief. Waddel has not established that counsel's performance at the appellate level was constitutionally deficient or that he suffered prejudice as a result of the alleged deficient performance. Based upon its findings, the Court cannot find that the OCCA's adjudication of Waddel's ineffective assistance of counsel claims was not contrary to, or an unreasonable application of Supreme Court precedent.

Accordingly, the Court

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 32] issued on July 19, 2009;

(2) DENIES Waddel's Application for Certificate of Appealability [Doc. 28] file-stamped April 8, 2009, wherein Waddel has asked this Court to issue a certificate of appealability to the OCCA requesting that it, inter alia, dismiss his convictions;

(3) DENIES Waddel's Motion for Discovery/Evidentiary Hearing [Doc. 29] file-stamped April 8, 2009;

(4) DENIES Waddel's Motion to Strike [Doc. 30] file-stamped April 8, 2009;

(5) DENIES Waddel's Motion for Second Discovery- Evidentiary Hearing [Doc. 31] file-stamped July 2, 2009;

(6) DENIES Waddel's Petition file-stamped August 21, 2008; and

(7) ORDERS that judgment in favor of respondent Jones issue forthwith.

ENTERED this 20th day of October, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE